No. 26,451.

ANNIE HOLLIDAY, *Appellee*, v. THE PULLMAN COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Liability for Injury to Servant—Negligence—Special Findings—Evidence.* In an action to recover for a personal injury, special findings of the jury in respect to negligence are held not to be inconsistent with each other, nor without support in the evidence.

2. SAME—*Warning Servant—Special Findings.* The expression in a finding of the jury to the effect that the warning given to plaintiff that an engine was to be coupled onto a car in which she was working, was incomplete, is deemed to be the equivalent of saying the warning was insufficient.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. MC-CAMISH, judge. Opinion filed November 6, 1926. Affirmed.

*Edwin S. McAnany, Maurice L. Alden, Thomas M. Van Cleave,* all of Kansas City, and *John H. Lathrop,* of Kansas City, Mo., for the appellant.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Annie Holliday sued the Pullman company to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. She was a car cleaner who had been in the employ of the defendant for twenty-one months, and with another was engaged in cleaning a car, when a foreman of the defendant came into the car and told her to hurry up and finish her work, that the switch engine was coming to be attached to the car, and at the same time he directed her to lower the window in the

---

Master and Servant, 39 C. J. pp. 1255 n. 58, 1258 n. 83.

toilet room, and when she undertook to do so the window stuck, and after she had released the catch and was shaking the window trying to lower it the engine was attached with a jar which brought the window down on her fingers, inflicting serious injuries.

It was alleged that the company was negligent in that she was not furnished a safe place to work, was not properly notified that the engine was about to be attached to the car, in ordering her to lower the window when the engine was about to be coupled to the car, and in requiring plaintiff to lower the window instead of the person employed for that purpose, as well as in ordering the removal of the car at an unusual time without notice.

At the trial the jury found in favor of the plaintiff, and in answer to special questions found that she had been ordered by the foreman to close the window and finish her work as an engine was coming to make a coupling on the car; that shortly afterwards a coupling was made, and that it was made with a bump or jar that is usually made in couplings; that in lowering the window the plaintiff had to release an automatic catch and hold the release while the window was descending; but that if she had released the catch on this window it would not have instantly stopped the descent of the window when the engine bumped into the car. In respect to the negligence of the company, a finding was made that the defendant was negligent in giving an incomplete warning, and in defective equipment.

One contention is that the court should have set aside finding number five, to the effect that if plaintiff had released her hold on the catch the window would instantly have stopped its downward course.

Defendant insists that this finding conflicts with the preceding one, to the effect that in lowering the window plaintiff had to release an automatic catch and hold it in release while the window was descending. There is no real conflict between the findings. There was an automatic catch on the window designed to regulate the opening and closing of the same. The plan was to release the automatic catch when the window was being moved up or down, and to let go of it would ordinarily stop the movement. The testimony tends to show that in plaintiff's attempt to lower the window she released the catch but found the window was stuck fast. She shook it, holding the catch in release, but was unable to loosen the window or lower it, and while making the effort the engine unexpectedly clashed into

the car, knocked the window loose and it fell on her hand. The plaintiff said the jar and sudden descent was such that "the catch didn't do any good." There was testimony to the effect that there was inadequate warning of the proposed coupling and also that the appliances were defective. While the catch was designed to hold the window when not in release, the jury found that it did not hold when the engine bumped into the car. There is no ground either for saying that the sudden descent of the window was the fault of the plaintiff. When ordered to close the window she promptly proceeded to do so, but found that it was out of condition, that it stuck so fast that she could not loosen and lower it by an ordinary operation. It was not her fault that it took the impact of the engine to loosen it, and it appears that it was jarred down with such violence and suddenness that her hand was caught and injured. The fact that she did not jerk her hand out while the window descended a few inches, nor more skillfully operate the catch, does not imply that the injury was the result of her own negligence. In obeying this order she had no reason to anticipate that the window was out of order or that it would be violently thrust down upon her hand while she was endeavoring to lower it.

There is a contention that the finding of negligence on the part of the defendant is without support, but we have no difficulty in finding testimony which tends to uphold the finding. The jury found that the warning of the coming engine was incomplete, an expression which is deemed to be the equivalent of insufficient. It is insisted that the plaintiff had notice that an engine was about to be connected with the car and therefore that there was no basis for the finding of an incomplete warning. If the warning had been given in sufficient time to have closed the window before the impact of the engine there would be ground for the contention, but it appears that sufficient time was not given to perform the operation before the coupling was made.

We conclude that the findings had sufficient support in the evidence to uphold them, and finding no material error the judgment is affirmed.